# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA,

          Plaintiff,

    v.                    :   Cr. Action No. 05-84M-MPT

RANDALL HILL, III,

          Defendant.



## ORDER

A hearing to determine the competency of defendant, Randall Hill, occurred after completion of the initial psychological/medical evaluative study as ordered in May 2005. At the May 2005 hearing, the court found that there was reasonable cause to believe that the defendant may presently be suffering from a mental disease or mental defect rendering him incompetent and unable to properly assist in his defense. A study was ordered to assist the Court in determining the competency of the defendant.

As a result of the psychiatric study completed in August 2005, the examiners concluded that defendant was not competent to stand trial or provide assistance for his defense. They also concluded that competency may be restored as the result of further treatment. At the hearing, expert testimony was provided and the report was admitted into evidence. The treating physicians and psychologists concluded that defendant suffers from a mental disease or defect which renders him unable to understand the

nature and consequences of the proceeding against him or to properly assist in his defense.  Since defendant had benefitted from antipsychotic medications in the past, the treating psychological providers recommended for the court to commit defendant for further evaluation and treatment for restoration of competency.  Further, they proposed involuntary treatment with antipsychotic medications, if defendant failed to comply with treatment recommendations.

As a result, further treatment was ordered and an additional study/evaluation of defendant occurred at Butner which was completed in January 2006.  The report from defendant's treating psychiatrist/psychologists' at Butner received in February 2006 shows that defendant is still suffering from a mental disease or defect that renders him incompetent to the extent that he is unable to understand the nature a consequences of the proceedings filed against him or to assist properly in his own defense.  It concluded, however, that with an additional period of hospitalization and treatment, defendant's competency may be restored and recommended further commitment pursuant to 18 U.S.C. §4241(d).  The report noted that shortly before the end of his commitment in January 2006, defendant had been compliant with his treatment, including the recent introduction of Risperdal, an anti-psychotic mediation.

A teleconference was held on March 3, 2006 with the participation of the government and defense counsel.  During that teleconference, defense counsel advised, that as a result of his recent communications with defendant, defendant would not oppose additional treatment at Butner.

The Court finds that there is a compelling reason for the continued evaluation and treatment  be conducted by the Bureau of Prisons.

IT IS HEREBY ORDERED pursuant to 18 U.S.C. §4241(d), that Randall Hill shall forthwith be committed to the custody of the U. S. Bureau of Prisons for placement at a suitable federal facility for a term of forty-five (45) days for the purpose of having further evaluation, counseling and treatment for restoration of competency.  The forty-five day period shall begin to run only when defendant is admitted to the federal medical facility. The Court finds that there is a substantial probability that within such additional time period defendant will attain the capacity to permit his trial to proceed.

The Court **recommends** that defendant's commitment occur at Butner, where he was last treated and that he not be transferred to Petersburg for treatment, if possible.

The Court **requests** that during this admission his examiner(s)/treating professionals address defendant's pre-occupation with hypnosis, if appropriate with his treatment.

The Court is **not ordering** involuntary treatment with antipsychotic medications at this time.

IT IS FURTHER ORDERED that a psychiatric or medical report be prepared by the physician/examiner and that report be filed with the Court **within seven (7) days** after the end of his commitment period.  The report shall include the follow:

1.     Mr. Hill's history;

2.     **A description of** the psychiatric, psychological, neurological, and medical tests and/or treatment that were employed, and their results, to properly inform the Court if Mr. Hill is continuing to experience a psychiatric, psychological, neurological and/or medical problem.

3.     The examiner's findings of all present symptoms.

The examiner's opinions as to his present condition, diagnosis, prognosis, and appropriate treatment, including medications and therapy and whether defendant cooperated or participated in any treatment regime.

5. Whether Mr. Hill continues to suffer from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to properly assist in his defense.

IT IS FURTHER ORDERED that his treating professional(s) contact the Court seven (7) days before the end of the treatment period to provide a brief oral update of Mr. Hill's present condition.

IT IS FURTHER ORDERED that the hearing scheduled for March 7, 2006 is cancelled.

March 3, 2006

The Honorable Mary Pat Thynge
U. S. Magistrate Judge